IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                    No. 1:16-cr-10060-JDB-4

DAVID GLYNN BRYAN,

    Defendant.

_____

ORDER DENYING DEFENDANT'S REQUEST FOR RELIEF UNDER THE FIRST STEP
ACT OF 2018

_____

In a letter to the Court filed July 12, 2019, the Defendant, David Glynn Bryan, requested a review of his eligibility under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 469.) Pursuant to an order of the Court, the Government has filed a response (D.E. 475), and the matter is now ripe for review.

The Defendant was indicted in this district on May 16, 2016, for various offenses involving methamphetamine that occurred from 2014 to 2016. (D.E. 2.) Pursuant to a guilty plea to one count of the indictment, he was sentenced on July 12, 2017, to seventy-five months' incarceration, to be followed by four years of supervised release. (D.E. 395.) He is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). While the law made certain previous statutory changes retroactive, its scope was a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense" on motion of the defendant. § 404(b), 132 Stat. at 5222. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal filed* (6th Cir. June 13, 2019) (No. 19-5635). Accordingly, the FSA "permits the retroactive reduction of certain drug trafficking sentences, but applies only to those convicted of crack cocaine offenses." *Id.* at 809 (quoting *United States v. Jones*, No. 3:94-CR-00090, 2019 WL 1586814, at *1 (M.D. Tenn. Apr. 12, 2019)); *see United States v. Wiseman*, ___ F.3d ___, 2019 WL 3367615, at *3 (6th Cir. July 26, 2019) ("Section 404 of the Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010.").

The offense for which Bryan is incarcerated involves methamphetamine rather than crack cocaine; therefore, it is not a "covered offense" for purposes of the FSA. In addition, the offense was not committed before August 3, 2010. Because the FSA provides Defendant no relief, the

motion is DENIED. *See United States v. Gonzalez-Oseguera*, Crim. No. 06-00593 HG-01, 2019 WL 1270916, at *1-2 (D. Haw. Mar. 19, 2019) (because the defendant was sentenced for an offense involving methamphetamine, not crack cocaine, he was ineligible for a reduction under the FSA).

IT IS SO ORDERED this 16th day of August 2019.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE